UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY SIMS                                         CIVIL ACTION

versus                                             NO. 07-967

BURL CAIN, WARDEN                                  SECTION: "K"(5)

**O R D E R**

Having reviewed the State's supplemental response (Rec. doc. 17), petitioner's memorandum in opposition thereto requesting that these proceedings be held in abeyance (Rec. doc. 18), and the state court record, the Court has determined that, for the following reasons, this matter should be **STAYED** pending further proceedings in the state courts.

After this federal application was filed, it came to light that the Louisiana Fifth Circuit Court of Appeal had for many years used an improper procedure to dispose of *pro se* prisoner post-conviction filings. When that information was discovered, petitioner filed an application seeking relief from the Louisiana Supreme Court. On October 10, 2008, the Louisiana Supreme Court transferred that application to the Louisiana Fifth Circuit Court

of Appeal for consideration pursuant to the procedures outlined in State v. Cordero, 993 So.2d 203 (La. 2008). State *ex rel*. Sims v. State, 994 So.2d 38 (La. 2008).

In its supplemental response in this proceeding, the State contends that, in light of the foregoing circumstances, petitioner's claims are unexhausted. The State argues that petitioner's federal application should therefore be dismissed without prejudice to allow the state courts "to complete their review of petitioner's claims, and to address, and if necessary correct, alleged deprivations of federal constitutional rights." (Rec. doc. 17, p. 4)

In response to the State's contention, petitioner argues that his federal application should be stayed rather than dismissed. This Court agrees. See Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Rhines v. Weber, 544 U.S. 269 (2005). Therefore, the Court will stay these proceedings to allow the state courts to complete their review of petitioner's case.

The Court further notes that another benefit of a stay is that it will allow the State to correct another apparent problem in this case. The record reflects that, on direct appeal, the Louisiana Fifth Circuit Court of Appeal vacated petitioner's sentences on Counts Two, Three and Four and remanded the matter for resentencing on those counts. State v. Sims, 845 So.2d 1116 (La. App. 5 Cir.

2003). However, it appears that, on remand, the trial court mistakenly resentenced petitioner on *only* Counts Two and Three. There is no indication in the record that petitioner was ever resentenced on Count Four, as the State essentially conceded in its initial response in this matter. (Rec. Doc. 10, p. 3, n. 3) **Therefore, the State should immediately take whatever action is necessary, if any, to ensure that petitioner is properly resentenced on Count Four so as not to cause further delays when this matter is reopened.**

Accordingly,

**IT IS ORDERED** that petitioner's motion to hold these proceedings in abeyance (Rec. Doc. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that these proceedings are **STAYED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction in this matter and that petitioner is allowed to file a motion to reopen these proceedings within thirty (30) days after the resolution of his pending state court proceedings.

New Orleans, Louisiana, this __12th__ day of March, 2009.

**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**